IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SO YUR KOLAS** and **WESTBANK**, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 07 C 3480 |
| | ) |
| **RICARDO RODRIGUEZ, CAROLYN RODRIGUEZ, MICHAEL DENHAM,** and **ELSA OLMO**, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff So Yur Kolas ("Kolas") moves to remand Case No. 07-M1-713629, for which a Notice of Removal was filed on June 20, 2007 and a Corrected Notice of Removal was filed on July 21, 2007 (collectively, the "first Notice of Removal"), and Case No. 07-M1-713587, for which a Notice of Removal was filed on July 31, 2007 (the "second Notice of Removal"). For the reasons stated herein, plaintiff's motions to remand Case Nos. 07-M1-713587 and 07-M1-713629 to the Circuit Court of Cook County are granted.

I.

As the result of a 2002 action in state court, Carolyn Rodriguez's mortgage was foreclosed and Kolas purchased the property. Both of the removed cases are forcible entry and detainer actions to evict occupants from the property now owned by Kolas. These actions were filed in the Circuit Court of Cook County on June 8, 2007 against (1) Michael Denham ("Denham"), Elsa Olmo ("Olmo"), and Unknown Occupants (the occupants of the lower level unit of the property) and (2) Ricardo Rodriguez, Denham,

Olmo, and Unknown Occupants (the occupants of the upper level unit of the property). The persons seeking removal of the forcible entry and detainer actions are Mr. Rodriguez, Denham, Olmo, and Ms. Rodriguez (the "defendants"). Despite defendants' contrary misrepresentations, Ms. Rodriguez was not named as a defendant in either action. Defendants argue for removal based on 28 U.S.C. § 1441(a) and 28 U.S.C. § 1443(1).

II.

Removal of the forcible entry and detainer actions is not proper under § 1441(a) because these cases are not within the original jurisdiction of a federal court. Section 1441(a) provides for removal of " . . . any civil action brought in a State court of which the district courts of the United states have original jurisdiction . . . . " 28 U.S.C. § 1441(a). Federal courts have "original jurisdiction" over " . . . all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The existence of a federal question must appear from the properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Speciale v. Seybold*, 147 F.3d 612, 614 (7th Cir. 1998), *cert. denied*, 525 U.S. 1017 (1998). A defendant's assertion of an issue of federal law in his pleadings or petition for removal does not create a federal question. *People of State of Illinois v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 575 (7th Cir. 1982), *cert. denied*, 459 U.S. 1049 (1982). Here, the forcible entry and detainer actions arise under state law, and do not present a question of federal law. *See Powell v. Houtsma*, No. 04 C

4831, 2005 WL 464687, at *2 (N.D. Ill. Feb. 25, 2005) (Grady, J.) (concluding remand of eviction action (for which attempted removal was procedurally deficient) would have been proper for failure to state federal claim, and federal defense raised under Americans with Disabilities Act was not basis for removal).

Additionally, plaintiff's right to relief does not require the resolution of any substantial question of federal law. Defendants rely on *Hopkins v. Walker*, 244 U.S. 486, 491 (1917), which is inapposite. In *Hopkins*, the Supreme Court found federal jurisdiction existed in an action to quiet title to a mine because the case arose under the mining laws of the United States. No such federal law is at issue here. Moreover, here there is no cloud on title, and the disposition of the forcible entry and detainer actions does not depend, as defendants contend, upon the determination of the validity of a deed. The defendants in the forcible entry and detainer actions never owned the property; Ms. Rodriguez did. And the trial court already adjudicated Kolas to be the rightful owner of that property. The appellate court affirmed this decision and the Illinois Supreme Court declined to review it. I cannot review this decision. *See Ritter v. Ross*, 992 F.2d 750, 754-55 (7th Cir. 1993) (affirming dismissal for lack of subject matter jurisdiction where plaintiffs essentially sought federal district court review of state judicial proceeding), *cert. denied*, 510 U.S. 1046 (1994).

III.

Removal of the forcible entry and detainer actions also is not

3

proper under § 1443(1). Section 1443(1) provides for the removal of an action "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States . . . . " 28 U.S.C. § 1443(1). Under § 1443(1), the right allegedly being denied must arise under a federal law "'providing for specific civil rights stated in terms of racial equality.'" *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); *see State of Wisconsin v. Glick*, 782 F.2d 670, 672 (7th Cir. 1986); *Mnyofu v. Bd. of Educ. of Sch. Dist. 227*, No. 03 C 8717, 2004 WL 783074, at *2 (N.D. Ill. Jan. 12, 2004) (Grady, J.).

First, there is no basis for removal under § 1443(1) based on alleged violations of 42 U.S.C. § 1981. Section 1981(a) provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Defendants specifically cite the § 1981 requirement that all persons have the right to make and enforce contracts. But defendants fail to allege how this right has been violated. Defendants' bare assertion that there is a systematic problem with the manner in which state courts handle motions objecting to jurisdiction that disproportionately impacts African

4

Americans and poor individuals does not set forth a violation of the § 1981 protection of the making and enforcing of contracts. Therefore, defendants have failed to show the denial of a right under federal law providing for civil rights. Further, even if the allegation of systematic discrimination were true, this supposed discriminatory practice was never directed at the defendants to the forcible entry and detainer actions; they were not defendants in the foreclosure action in which Ms. Rodriguez challenged personal jurisdiction.

Second, defendants fail to cite any authority to support removal under § 1443(1) based on 28 U.S.C. § 1343 for alleged violations of 42 U.S.C. § 1985. Section 1343 states that district courts have jurisdiction over civil actions for, *inter alia*, violations of § 1985. *See* 28 U.S.C. § 1343(a). Section 1985, in turn, sets forth certain activities that constitute a conspiracy to interfere with civil rights. 42 U.S.C. § 1985. Defendants generally allege that their damages relate to the wrongful taking of their property without due process because a state appointed special process server allegedly lied about serving Ms. Rodriguez in the foreclosure action, which allowed Kolas (by allegedly conspiring with the special process server) to "steal" the property. But defendants do not allege how this constitutes a violation of § 1985.

Finally, federal due process does not provide a basis for removal under § 1443. Section 1443 only provides for removal where rights granted in terms of racial equality, not just general

5

constitutional rights, are at issue. *See Rachel*, 384 U.S. at 792; *Mnyofu*, 2004 WL 783074, at *2 (citations omitted).

IV.

For the foregoing reasons, plaintiff's motions to remand Case Nos. 07-M1-713629 and 07-M1-713587 to the Circuit Court of Cook County are granted.  Plaintiff's request for attorney's fees and costs is denied.

**ENTER ORDER:**

_____

**Elaine E. Bucklo**
United States District Judge

Dated: November 26, 2007

7